UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEE BURNS, | 1:12-CV-01521 GSA HC |
|     Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| HINKLE, et al., | |
|     Respondents. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On September 14, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner states he is in the custody of the Kern County Sheriff's Department on a felony arrest warrant. He claims he should be charged instead with a misdemeanor and given a misdemeanor bond. He contends the officers wrongfully misled the state court by charging him with a felony.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Accordingly, the Court will consider the petition pursuant to its authority under Rule 4.

In this case, the determinative issue is whether comity and federalism preclude this Court from intervening in the State's criminal prosecution of Petitioner prior to trial. "As an exercise of judicial restraint . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]." Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.1980). Where, as in this case, a petitioner seeks pre-conviction habeas relief, "the exhaustion doctrine serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Id. at 83; see Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). In Braden, the Supreme Court reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial violated the second of these two purposes and was thus prohibited by principles of comity unless the Petitioner could show that "special circumstances" warranted federal intervention. Carden, 626 F.2d at 83, *quoting* Braden, 410 U.S. at 489. The "special circumstances" exception to the general rule against federal pre-conviction intervention was set out by the Supreme Court in Perez v. Ledesma:

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith and without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

410 U.S. 82, 85 (1971). Petitioner's claims fall well short of the above standards.

Petitioner does not provide any instance which demonstrates and proves harassment or prosecutions undertaken by state officials in bad faith. Furthermore, Petitioner has not shown any possible irreparable injury in allowing the state courts the first opportunity to consider his claims.

Comity and federalism preclude this Court from intervening in the State's criminal prosecution of Petitioner. The instant petition for writ of habeas corpus is premature and unexhausted. The Court must dismiss such a petition. 28 U.S.C. § 2254(b)(1).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's

1  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
2  deserving of encouragement to proceed further. Petitioner has not made the required substantial
3  showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a
4  certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED without prejudice[1] for failure to exhaust state remedies;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 23, 2012            /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.